UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| ANNA WATSON, an individual; | CASE NO: 3:13-cv-13049 |
| Plaintiff, | JUDGE: |
| vs. | COMPLAINT FOR VIOLATION OF: |
| PARMALAT USA CORPORATION LONG-TERM DISABILITY PLAN, an Employee Welfare Benefit Plan; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation; and DOES 1 through 10, inclusive, | ERISA SECTION 502(a)(1)(B) [29 USCS 1132(a)(1)(B)] [29 USCS 1132(g)] |
| Defendants. | |

Plaintiff, Anna Watson, alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Boyd County, Kentucky. She was an employee of Parmalat USA Corporation, and by virtue of said employment she qualified for disability benefits.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, Parmalat USA Corporation Long-Term Disability Plan, is a corporate plan organized and existing under the laws of New Jersey and doing business in the Southern District of West Virginia.

3. Plaintiff is informed, believes and thereupon alleges that Defendant, The Prudential Insurance Company of America, is a corporation existing under the laws of New Jersey and doing business in the Southern District of West Virginia.

4. Plaintiff is informed, believes and thereupon alleges that each of the Defendants and Does 1 through 10, inclusive, are responsible for the events and occurrences referred to herein, as well as the damages alleged.

## Jurisdiction and Venue

5. Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132 (e) (1) (Federal Question). Venue is proper pursuant to 29 U.S.C. § 1132 (c) and 28 U.S.C. § 1391 (b) in that a substantial part of the errors or omissions giving rise to this claim and the Defendants' breach occurred within the jurisdiction of the United States District Court for the Southern District of West Virginia (Huntington Division). The Defendants are additionally doing business in the within the jurisdiction of the United States District Court for the Northern District of West Virginia (Martinsburg Division).

6. Parmalat USA Corporation adopted an employee benefit plan titled Parmalat USA Corporation Long-Term Disability Plan. The Plan was at all material times a duly organized, existing and qualified plan, a copy of which is attached hereto as *Exhibit A*.

7. The Plaintiff was a duly qualified participant in the Plan at all material times hereto.

8. All of the benefits due to the Plaintiff in accordance with the Plan were (and are) vested and non-forfeitable. Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

9. The Plan provided for the payment of disability benefits in the event a Plan participant became totally disabled.

10. According to the terms of the Parmalat USA Corporation Long-Term Disability Plan, disability is defined as follows:

### How Does Prudential Define Disability?

You are disabled when Prudential determines that:

- you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and

- you have a 20% or more loss in your indexed monthly earnings due to that sickness or injury.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

*Exhibit A* at 10.

11. By late April of 2005, the Plaintiff had become totally disabled by virtue of her inability to work at her own occupation or any occupation as required by the Plan.

12. The Plaintiff was awarded Short Term Disability Benefits on May 11, 2005.

13. On or about September 6, 2005, the Plaintiff received a letter from the Prudential Insurance Company of America, informing her that she had been approved for LTD benefits, effective October 26, 2005.

14. After receiving benefits for over three years, the Plaintiff was informed on November 13, 2008 that she would receive no additional LTD benefits.

15. The Plaintiff was then informed by letter dated December 22, 2008 that Defendant, The Prudential Insurance Company of America had received her request for a reconsideration of her claim denial.

16. By letter dated April 21, 2009, Defendant, The Prudential Insurance Company of America sent Plaintiff a letter, informing her that her benefits had been reinstated.

17. By letter dated April 7, 2010, Defendant, The Prudential Insurance Company of American sent Plaintiff a letter, once again informing her that her claim for LTD benefits had been denied, effective May 31, 2010.

18. The Plaintiff was then informed by letter dated October 22, 2010 that Defendant, The Prudential Insurance Company of America had received her request for a reconsideration of her claim denial.

19. By letter dated January 10, 2011, Defendant, The Prudential Life Insurance Company of America informed Plaintiff that its decision to deny Plaintiff additional LTD benefits had been upheld.

20. Plaintiff requested a timely reconsideration of the denial of her claim for LTD benefits.

21. By letter dated September 15, 2011, Defendant, The Prudential Insurance Company of America denied Plaintiff's second request for reconsideration of her denial of additional LTD benefits.

22. This denial exhausted all available administrative remedies.

23. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and:

        a.     The opinions of her physicians; and

        b.     The holding of the United States Social Security Administration, *See Exhibit "B"*.

24. Notwithstanding Defendants' review, the Plaintiff is totally disabled as defined by the Plan and due benefits which the Defendants refuse to pay. Plaintiff brings

this action seeking relief for Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

25. The Court has de novo authority to review the decision of the Plan.

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Defendants Parmalat USA Corporation Long-Term Disability Plan, The Prudential Insurance Company of America and DOES 1 through 10, inclusive.)**

26. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25, inclusive.

27. The Plaintiff is due rights and benefits under the terms of the Plan.

28. The Defendants denied the Plaintiff the rights and benefits due under the Plan.

29. The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

30. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

31. As a further direct and proximate result of the Defendants' actions the Plaintiff has incurred and will incur in the future, attorney's fees and costs in an amount to be proven.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1. Ordering the Defendants to pay to the Plaintiff all benefits due under the Plan;

2. Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

3. Awarding the Plaintiff prejudgment interest to the date of judgment;

4. Awarding the Plaintiff attorney's fees, court costs and all other reasonable costs incurred; and

5. Granting the Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

Dated: 6/3/2013

**UNDERWOOD LAW OFFICES**

By: _____
J. Patrick L. Stephens, WVSB #10262
Counsel for Plaintiff
ANNA WATSON
923 Third Avenue
Huntington, WV 25701
Telephone: (304) 522-0508
Facsimile: (304) 399-5449